JiDUFRESNE, Judge.
Property Plus, d/b/a Prudential Louisiana Properties, seeks review of the trial court’s dismissal of its petition attempting to collect a commission from Management & Rentals, Inc., for the sale of property. For the reasons set forth herein, we affirm the dismissal of the trial judge.
Management & Rentals, defendant/appel-lee, enlisted the services of Prudential, plaintiff/appellant, through one of its agents, Bonnie Schulz, to sell approximately 6.3 acres of property located on Williams Boulevard in Kenner and owned by Management & Rentals. John Scurlock, as president of Management & Rentals, entered into a marketing agreement with Prudential on January 20, 1994. In the agreement which was effective until February 28, 1995, Management & Rentals agreed to pay Prudential three percent “on the gross amount of any agreement to sell, exchange, or option that may be negotiated during the existence of this agreement ...”
12Thereafter, on January 24,1995, Management & Rentals entered into a lease agreement with option to purchase the Williams Boulevard property, with the City of Kenner. It is clear that Prudential did not participate in the negotiations and was in no way involved with the agreement executed between Management & Rentals and the City of Ken-ner. Despite the fact that this sale took place during the existence of the marketing agreement, Management & Rentals did not pay any commission to Prudential.
In April of 1995, Prudential filed suit against Management & Rentals and John Scurlock, as president of the company[1], in the 24th Judicial District Court alleging that Management & Rentals breached their marketing agreement and requesting that it be awarded its commission for the sale of the property, which amounted to approximately $46,260.00, as well as legal interest, attorney fees and costs of the proceedings. In its answer, Management & Rentals denied the allegations contained in the petition, contended that they owed no commission to Prudential, and asserted that the document referred to in the petition (the marketing agreement) spoke for itself. Management & Rentals further answered the petition by alleging that *1364 Prudential breached the agreement by erecting a sign on the property and by taking virtually no action in attempting to sell the Williams Boulevard property.
The matter proceeded to trial on October 29, 1996, and the kludge thereafter took the matter under advisement. After considering the testimony and evidence presented, the judge, on November 21,1996, rendered judgment in favor of the defendant, Management & Rentals, finding that Prudential failed to prove its ease by a preponderance of the evidence. The judge accordingly dismissed the plaintiff’s claim with prejudice. From this dismissal, Prudential now appeals.
At trial, the judge was presented with much conflicting testimony. Mr. John Scur-loek testified that Prudential put a sign on the Williams Boulevard property in direct violation of the marketing agreement and without his permission. In contrast, Bonnie Schulz claimed that she honored Scurloek’s request and did not put a sign on the property at first; however, about two or three months after the marketing agreement was in effect, she placed a sign on the property with his permission. Mr. Seurlock also testified that Prudential did not maintain contact with him and that to his knowledge, Prudential did not take any steps with regard to marketing the property. However, Bonnie Schulz asserted that advertisements were placed in the newspaper, as well as real estate magazines and other journals in an attempt to sell the property. Additionally, she compiled a brochure that she mailed to commercial companies. During his testimony, Mr. Seurlock also claimed that he had a verbal agreement with Bonnie Schulz that he would be released from the agreement at any time if dissatisfied. Ms. Schulz however did not recall such an arrangement and testified that she did not discuss releasing the Scur-locks from the ^marketing agreement. Mr. Seurlock further testified that he verbally informed Ms. Schulz, at the time of the marketing agreement, of his position with the City of Kenner and that the city was verbally excluded as one of the groups to which Prudential would be entitled to a commission should a deal take place. In contrast, Ms. Schulz claimed that she wrote in the exclusions as requested by Mr. Seurlock and that the City of Kenner was not one of those exclusions, although she did acknowledge that he may have mentioned the City of Kenner to her. While these contradictions in testimony are noted, we do not find it necessary to address whether either party breached the provisions of the marketing agreement, nor do we find it necessary to address the effect any verbal amendments and/or communications may have had on the agreement. LSA-C.C. art.2046 specifically provides that “when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” The marketing agreement clearly states: “This Listing Agreement is not binding upon either party until Property Disclosure Addendum is completed and signed by Owner.” It is undisputed that a property disclosure addendum was not executed. Despite Ms. Schulz’ testimony that she does not obtain a property disclosure addendum on vacant property, we find that the agreement clearly requires that such a disclosure be executed. As one was clearly not done, we find that neither party was bound by the marketing agreement, and accordingly we affirm the trial judge’s dismissal of the plaintiffs petition seeking collection of a commission |Bfrom the sale of the Williams Boulevard property.

AFFIRMED.

. Pursuant to a motion by Prudential, John Scur-lock was dismissed as a defendant without prejudice and with reservation of rights against any other defendant herein.